E-filing

1  Eric F. Fagan SBN #87071
2  Law Offices of Eric F. Fagan
   2220 Otay Lakes Rd. #502-84
3  Chula Vista, Ca. 92116
   efagan@efaganlaw.com
4  Phone: 619-656-6656
5  Attorney for Plaintiffs MARYLYN ALEXANDER, CATHERINE ALEXANDER

ORIGINAL FILED
JUL 18 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLYN ALEXANDER and CATHERINE ALEXANDER<br><br>Plaintiffs<br><br>v.<br><br>WINN & SIMS, a professional corporation; BRIAN WINN, an individual; DOE ABC COMPANY; and DOES 1 through 10 inclusive,<br><br>Defendants | Civil Case No.: **C06-04382 MMC**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT
### I. INTRODUCTION

1.  This is an action for damages brought by two individual consumers against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

1

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

1  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is
2  available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants
3  transact business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiffs **MARYLYN ALEXANDER** and **CATHERINE ALEXANDER** ("Plaintiffs") are natural persons residing in California.

4.  Plaintiffs are informed and believe that Defendant **DOE ABC COMPANY (ABCCO)** is corporation. The principal business of Defendant ABCCO is the collection of debts. ABCCO is doing business of collecting debts in this state

5.  Defendant **WINN & SIMMS** is a professional corporation doing business of collecting debts in this state operating from an address at 110E. Wilshire Avenue, Ste 212, Fullerton CA 92832

6.  Defendant **BRIAN WINN** is a natural person employed by Defendant WINN & SIMMS as a debt collector at all times relevant to this complaint.

7.  Defendants, including Does 1 through 10 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(d).

8.  Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

9.  Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

11. Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

12. The purported debt which Defendants attempted to collect from Plaintiffs was a "consumer

1 debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

13. Defendant ABCCO sought to collect on an alleged debt owed by Plaintiff MARYLYN ALEXANDER on a credit card account that she had used for personal, family, and household services. Plaintiff was unable to determine the name or the nature of the entity seeking to collect.

14. Defendant ABCCO tried to collect on the alleged debt by causing its attorney Defendant BRIAN WINN to file an action against Plaintiff MARYLYN ALEXANDER in the State of California Superior Court of Solano, Vallejo-Benicia Branch (the Action); however, said action was time-barred.

15. Defendant BRIAN WINN signed the complaint in the Action as the attorney of record at the behest of Defendant WINN & SIMMS.

16. Defendants caused the lawsuit to be served on Plaintiff MARYLYN ALEXANDER'S mother Plaintiff CATHERINE ALEXANDER who immediately experienced great stress and worry.

17. Defendants caused the lawsuit to be served on a Sunday by intruding in through a locked front gate without the Plaintiffs' permission.

18. On or about September 9, 2005 Plaintiff MARYLYN ALEXANDER filed an answer to the Action and alleged as an Affirmative Defense the running of the Statute of Limitations and that Defendant ABCCO was not authorized to maintain the action.

19. Defendants continued to maintain the Action even though they were barred from doing so, and did not dismiss the action until April 21, 2006.

20. Defendants harassed, oppressed and abused both Plaintiffs by the above-referenced acts and omissions.

21. As a result of the acts and omissions alleged above, Plaintiffs suffered nausea, fear, anxiety, anguish, headaches, instability, great stress, worry, loss of sleep and insomnia, irritability and were forced to resort to medicinal measures for relief. In addition, both Plaintiffs had difficulty eating and performing household chores.

22. Further, Plaintiff MARYLYN ALEXANDER became hysterical, suffered angina attacks and muscle spasms. Her blood pressure rose to unacceptable levels and she sought medical help; her doctor told

1    her that that she was at risk of having a heart attack.

2        23.    Plaintiff CATHERINE ALEXANDER has high blood pressure and diabetes, both of which were
3    aggravated by the filing of the Action.

4        24.    The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

25.    Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

26.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against both Plaintiffs:

(a)    Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiffs.

(b)    Defendants violated 15 U.S.C. §1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

(c)    Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt.

(d)    Defendants violated 15 U.S.C. §1692g(a) by failing to provide to a validation notice as required by this section.

(e)    Defendants violated 15 U.S.C. §1692f(1) by attempting to collect an unauthorized debt from agreement, or permitted by law.

(f)    Defendants violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in the Action.

(g)    Defendants violated 15 U.S.C. §1692e (10) by the various misrepresentations set forth above.

27.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA and for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//

## VII. SECOND CLAIM FOR RELIEF

### (Against Defendants ABCCO, WINN & SIMMS and DOES 1-10 for Violation of the Rosenthal Act)

28. Plaintiffs repeat, reallege and incorporate by reference all of foregoing paragraphs.

29. Said Defendants violated the Rosenthal Act by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1812.700 by failing to provide to Plaintiffs the Notice required by this section.

    (b) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

31. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

32. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the Rosenthal Act and Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VIII. THIRD CLAIM FOR RELIEF

### (Against all Defendants for Intentional Infliction of Emotional Distress)

33. Plaintiffs repeat and reallege and incorporate by reference all of the foregoing paragraphs.

34. Defendants willfully performed the aforesaid acts with the intent to abuse and coerce and create great mental and physical pain and damage to Plaintiffs.

35. Plaintiffs did in fact experience great mental and physical pain as a result of the acts of Defendants as alleged above.

36. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

1. **As against ABCCO, WINN & SIMMS and Does 1 through 10:**
   A. Declaratory judgment that Defendants' conduct violated the FDCPA and the Rosenthal Act;
   B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);
   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

2. **As against WINN & SIMMS and BRIAN WINN:**
   A. Declaratory judgment that Defendants' conduct violated the FDCPA;
   B. Statutory damages pursuant to 15 U.S.C. §1692k;
   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

3. **As against all defendants:**
   A. Actual damages;
   B. For punitive damages.
   C. For such other and further relief as the Court may deem just and proper.

Dated 6/7/2006

_____
Eric F. Fagan, Attorney for Plaintiffs Marylyn and Catherine Alexander

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated 6/7/2006

_____
Eric F. Fagan, Attorney for Plaintiffs Marylyn Alexander, Catherine Alexander

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)